IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

    Plaintiff,                    No. CIV S-07-2149 LKK DAD P

    vs.

SGT. COSTA, et al.,

    Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On December 8, 2008, defendants moved to dismiss this action, arguing that plaintiff's complaint fails to state a cognizable claim for relief. Plaintiff has not filed an opposition to the motion.[1]

/////

/////

---

[1] On two separate occasions the court ordered plaintiff to file an opposition to defendants' motion to dismiss. (Orders filed Jan. 26, 2009 & Mar. 20, 2009.) In response to the court's most recent order to this effect, plaintiff filed a document styled "Motion for Order Requiring Defendant to Answer" and attached defendants' motion to dismiss to it. Therein, plaintiff acknowledged that defendants have filed a motion to dismiss but he failed to address any of defendants' arguments. Instead, much like many of the other documents he has recently filed in this case, plaintiff's motion does not appear to relate to this case whatsoever. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

## BACKGROUND

Plaintiff is proceeding on an amended complaint against defendants Costa and Mendes. Therein, he alleges as follows. On April 19, 2007, plaintiff's cellmate assaulted defendant Mendes by throwing some unknown liquid at him. According to plaintiff, his cellmate told correctional officers that plaintiff had nothing to do with the incident. Nevertheless, officers issued him a false rules violation report ("RVR") for "Battery on a Peace Officer With an Unknown Liquid" and subsequently found him guilty of the charge. Plaintiff appealed the guilty finding. On appeal, prison officials determined that the evidence was insufficient to support a guilty finding, dismissed the RVR, and rescinded all related penalties. In terms of relief in this action, plaintiff requests monetary damages. (Compl. at 5 & Attach.)

## DEFENDANTS' MOTION TO DISMISS

Counsel for defendants argues that this action should be dismissed because plaintiff's complaint fails to state a cognizable claim for relief. Specifically, defense counsel argues that plaintiff has no constitutional right to be free from a wrongfully-issued RVR if prison officials honored his procedural due process rights during the prison disciplinary process. Here, defense counsel argues that prison officials complied with all due process requirements. (Defs.' Mot. to Dismiss at 3-4.)

Defense counsel also argues that plaintiff has failed to allege any specific unconstitutional act by any of the defendants. For example, plaintiff has not alleged any wrongdoing by defendant Costa. In addition, although plaintiff alleges that he told defendant Mendes that he was innocent of the RVR charge, plaintiff has not alleged any specific constitutional violations engaged in by defendant Mendes. (Defs.' Mot. to Dismiss at 4.)

Finally, counsel for defendants argues that plaintiff has not suffered a cognizable injury. In this case, prison officials dismissed plaintiff's RVR and rescinded all related penalties. Counsel contends that plaintiff may not maintain a federal civil action based solely on a mental injury or a conjectural fear of reprisal. (Defs.' Mot. to Dismiss at 5-6.)

**ANALYSIS**

I. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

   A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  <u>See</u> also <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

   In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

   In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential

/////

1  elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
2  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).
3  II.  Discussion
4           A prisoner has no constitutionally guaranteed immunity from being falsely or
5  wrongly accused of conduct which may result in the deprivation of a protected liberty interest.
6  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949,
7  951 (2d Cir. 1986).  As long as a prisoner receives procedural due process during his disciplinary
8  hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a
9  cognizable claim for relief under § 1983.  See Freeman, 808 F.2d at 951 (the filing of a false
10 disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide
11 the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41
12 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an
13 inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the
14 procedural due process protections as required in Wolff v. McDonnell are provided.").
15          Although the Ninth Circuit has not directly addressed this issue in a published
16 opinion, district courts throughout California relying on the cases cited above have determined
17 that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails
18 to state a cognizable claim for relief under § 1983.  See, e.g., Conner v. Winslow, No. EDCV 07-
19 218 AG (AN), 2009 WL 1549737 at *18 (C.D. Cal. June 1, 2009); Williams v. Foote, No. CV
20 08-2838 CJC (JTL), 2009 WL 1520029 at *7 (C.D. Cal. May 28, 2009); Salisbury v. Miller, No.
21 C 08-4680 MHP (pr), 2009 WL 743925 at *2 (N.D. Cal. Mar. 18, 2009); Meraz v. Reppond, No.
22 C 08-4540 MHP (pr), 2009 WL 723841 at *2 (N.D. Cal. Mar. 18, 2009); Rodgers v. Reynaga,
23 No. CV 1-06-1083 JAT, 2009 WL 62130 at *2 (E.D. Cal. Jan. 8, 2009); Drake v. Berg, No. C
24 07-3844 PJH (PR), 2008 WL 4482848 at *1 (N.D. Cal. Oct. 1, 2008); Moore v. Thomas, No. C
25 06-2105 SBA (PR), 2008 WL 4447726 at *4 (N.D. Cal. Sept. 30, 2008); Deadmon v. Grannis,
26 No. 06-cv-1382 LAB (WMC), 2008 WL 595883 at *10 (S.D. Cal. Feb. 29, 2008); Carrillo v.

1  Pena, No. CIV S-06-2924 RRB DAD, 2007 WL 2994689 at *2 (E.D. Cal. Oct. 12, 2007); Player
2  v. Salas, No. 04-cv-1761 LAB (WMc), 2007 WL 2781102 at *7 (S.D. Cal. Sept. 21, 2007), aff'd
3  2009 WL 890967 (9th Cir. Apr. 3, 2009); Brookins v. Terhune, No. CIV S-03-0916 GEB JFM,
4  2005 WL 3262940 at *4 (E.D. Cal. Nov. 28, 2005), adopted by 2006 WL 647975, aff'd 2007 WL
5  2827544 (9th Cir. Sept. 27, 2007).

In this case, plaintiff alleges that defendants violated his due process rights by bringing a false rules violation charge against him. However, as noted above, the issuance of a false disciplinary charge is not in itself a due process violation so long as prison officials comply with procedural due process requirements. Here, plaintiff does not allege that the defendants Costa or Mendes failed to provide him with procedural due process protections. In fact, as defense counsel observes, plaintiff has not alleged any wrongdoing by defendant Costa, and he only alleges that defendant Mendes issued him a rules violation charge after plaintiff allegedly informed Mendes that plaintiff had nothing to do with his cellmate's actions. Moreover, the RVR plaintiff attached to his complaint describes the disciplinary proceedings and establishes that prison officials satisfied all procedural due process requirements. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). Finally, as noted above, prison officials ultimately dismissed the RVR against plaintiff and rescinded all related penalties originally imposed because there was insufficient evidence to support a guilty finding. Although plaintiff alleges that he endured mental stress and anxiety as a result of defendants' alleged conduct, plaintiff may not recover damages for purely mental or emotional injuries. See 42 U.S.C. § 1997e(e) (no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury).

Accordingly, for all of the reasons discussed above, plaintiff's complaint fails to state a cognizable claim for relief and should be dismissed.

/////

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1. Defendants' December 8, 2008 motion to dismiss (Doc. No. 27) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
harp2149.57